UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 21-61176-CIV-SINGHAL

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

PROPERTY INCOME INVESTORS, LLC,
EQUINOX HOLDINGS, INC.,
PROPERTY INCOME INVESTORS 26, LLC,
PROPERTY INCOME INVESTORS 304, LLC,
PROPERTY INCOME INVESTORS 201, LLC,
PROPERTY INCOME INVESTORS 3504, LLC,
PROPERTY INCOME INVESTORS 1361, LLC,
PROPERTY INCOME INVESTORS 4020, LLC,
PROPERTY INCOME INVESTORS 9007, LLC,
PROPERTY INCOME INVESTORS 417, LLC,
PROPERTY INCOME INVESTORS 4450, LLC,
PROPERTY INCOME INVESTORS 3050, LLC,
LARRY B. BRODMAN, and ANTHONY
NICOLOSI (f/k/a ANTHONY PELUSO),

    Defendants.
_____/

## JUDGMENT OF PERMANENT INJUNCTION AND OTHER RELIEF

**THIS CAUSE** is before the Court on the Plaintiff's Unopposed Motion for Entry of Partial Final Judgment Against Defendants (DE [4]). Having considered the motion, the record, and being otherwise fully advised in the premises, the Court finds as follows:

The Securities and Exchange Commission ("SEC" or "Commission") filed a Complaint for Injunctive and Other Relief (DE [1]) and Plaintiff Securities and Exchange Commission's Unopposed Motion and Memorandum of Law for Appointment of Receiver (DE [3]). Defendants Property Income Investors, LLC, Equinox Holdings, Inc., Property Income Investors 26, LLC, Property Income Investors 304, LLC, Property Income

Investors 201, LLC, Property Income Investors 3504, LLC, Property Income Investors 1361, LLC, Property Income Investors 4020, LLC, Property Income Investors 9007, LLC, Property Income Investors 417, LLC, Property Income Investors 4450, LLC, and Property Income Investors 3050, LLC (collectively "Defendants") entered a general appearance; consented to this Court's jurisdiction over Defendants and the subject matter of this action; consented to entry of this Judgment of Permanent Injunction and Other Relief ("Judgment") without admitting or denying the allegations of the Complaint (DE [1]) (except as to personal and subject matter jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Judgment.

**I.      PERMANENT INJUNCTIVE RELIEF**

    **A. Section 5 of the Securities Act**

**IT IS HEREBY ORDERED** that Defendants are permanently restrained and enjoined from violating Section 5 of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

(a) unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b) unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c) making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

**IT IS FURTHER ORDERED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

### B. Section 17(a) of the Securities Act

**IT IS HEREBY ORDERED** that Defendants are permanently restrained and enjoined from violating, directly or indirectly, Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails:

(a) to employ any device, scheme, or artifice to defraud;

(b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading;

or

(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser,

by, directly or indirectly, (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor, about:

(a) any investment in or offering of securities;

(b) the prospects for success of any product or company;

(c) any returns on investment;

(d) the use of investor funds or investment proceeds; or

(e) compensation, commissions, or fees paid to any person or entity.

**IT IS FURTHER ORDERED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants, or with anyone described in (a).

**C. Section 10(b) of the Exchange Act and Rule 10b-5 thereunder**

**IT IS HEREBY ORDERED** that Defendants are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce,

or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a) to employ any device, scheme, or artifice to defraud;

    (b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person,

by directly or indirectly, (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor, about:

    (a) any investment in or offering of securities;

    (b) the prospects for success of any product or company;

    (c) any returns on investment;

    (d) the use of investor funds or investment proceeds; or

    (e) compensation, commissions, or fees paid to any person or entity.

**IT IS FURTHER ORDERED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants, or with anyone described in (a).

## II.   DISGORGEMENT, PREJUDGMENT INTEREST, AND CIVIL PENALTY

**IT IS FURTHER ORDERED** that upon motion of the Commission, the Court shall determine whether it is appropriate to order disgorgement of ill-gotten gains and/or civil penalties pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)] against Defendants and, if so, the amounts of the disgorgement and/or civil penalties. If disgorgement is ordered, Defendants shall pay prejudgment interest thereon, calculated from January 1, 2016, based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2). In connection with the Commission's motion for disgorgement and/or civil penalties, and at any hearing held on such a motion: (a) Defendants will be precluded from arguing that Defendants did not violate the federal securities laws as alleged in the Complaint; (b) Defendants may not challenge the validity of the Consent or this Judgment; (c) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure. In connection with the Commission's motion for disgorgement and/or civil penalties, the parties may take discovery, including discovery from appropriate non-parties.

## III.   INCORPORATION OF CONSENT

**IT IS FURTHER ORDERED** that the Consent (DE [4-2]), including Defendants' agreement to an Order Appointing a Receiver over them, is incorporated herein with the

same force and effect as if fully set forth herein, and that Defendants shall comply with all of the undertakings and agreements set forth therein.

IV.     **RETENTION OF JURISDICTION**

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

V.      **RULE 54(b) CERTIFICATION**

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk of Court is ordered to enter this Judgment forthwith and without further notice.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 14th day of June 2021.

```
_____
RAAG SINGHAL
UNITED STATES DISTRICT JUDGE
```

Copies furnished to counsel of record via CM/ECF