UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 21-61176-CIV-SINGHAL

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

PROPERTY INCOME INVESTORS, LLC, et al.,

    Defendants.
_____/

## FINAL JUDGMENT AGAINST DEFENDANT ANTHONY NICOLOSI (F/K/A ANTHONY PELUSO)

**THIS CAUSE** is before the Court on the Plaintiff's Unopposed Motion for Entry of Final Judgment Against Defendants Larry B. Brodman and Anthony Nicolos (DE [101]). Having considered the motion, the record, and being otherwise fully advised in the premises, the Court finds as follows:

The Securities and Exchange Commission ("SEC" or "Commission") having filed a Complaint, and Defendant Anthony Nicolosi (f/k/a Anthony Peluso) ("Nicolosi") having entered a general appearance; consented to the Court's jurisdiction over Nicolosi and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to personal and subject matter jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

**I.      INCORPORATION OF JUDGMENT OF PERMANENT INJUNCTION**

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the Court's Judgment of Permanent Injunction and Other Relief as to Nicolosi (DE [9]) entered on June 14, 2021, is hereby adopted and incorporated by reference with the same force and effect as if fully set forth herein, and that Nicolosi shall comply with all of the undertakings and agreements set forth therein.

**II.     DISGORGEMENT, PREJUDGMENT INTEREST AND CIVIL PENALTY**

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Nicolosi is liable for disgorgement of $304,789, representing net profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $10,024, and a civil penalty in the amount of $100,000 pursuant to Section 20(d) of the Securities Act of 1933 [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Securities Exchange Act of 1934 [15 U.S.C. § 78u(d)(3)].  Nicolosi shall satisfy this obligation by paying $414,813 to the Court appointed Receiver within thirty (30) days after entry of this Final Judgment.

Nicolosi shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action.  By making this payment, Nicolosi relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Nicolosi.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by using all collection procedures authorized by law, including, but not limited to, moving for civil contempt at any time after thirty (30) days following entry of this Final Judgment.

The Commission may enforce the Court's judgment for penalties by the use of all collection procedures authorized by law, including the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001 et seq., and moving for civil contempt for the violation of any Court orders issued in this action. Nicolosi shall pay post judgment interest on any amounts due after thirty (30) days of the entry of this Final Judgment pursuant to 28 U.S.C. § 1961. The Receiver shall hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court.

The Commission or the Court appointed Receiver may propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. The Court shall retain jurisdiction over the administration of any distribution of the Fund and the Fund may only be disbursed pursuant to an Order of the Court.

Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Final Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Nicolosi shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Nicolosi's payment of disgorgement in this action, argue that they are entitled to, nor shall they further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Nicolosi's payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Nicolosi shall, within thirty (30) days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to

a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Final Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Nicolosi by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

### III.     **INCORPORATION OF CONSENT**

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Nicolosi shall comply with all of the undertakings and agreements set forth therein.

### IV.     **BANKRUPTCY NONDISCHARGEABILITY**

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the Complaint are true and admitted by Nicolosi, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Nicolosi under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Nicolosi of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

## V. RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

## VI. RULE 54(b) CERTIFICATION

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk of Court is **ORDERED** to enter this Final Judgment forthwith and without further notice.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 3rd day of October 2022.

_____
RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished to counsel of record via CM/ECF